UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| CATHERINE JEANG MICHELE MURRAY | LAURA ELIAS | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| John Fiske Geoffrey R. Winterowd | Henry Tovmassian George Crook |

**Proceedings:**   **DEFENDANTS' MOTION FOR ATTORNEYS' FEES** (filed 09/25/08)

## I.   INTRODUCTION

On April 2, 2007, plaintiff Torrance Unified School District ("the District") brought the instant action against defendants E.M., a minor; Maryl Magee, E.M.'s mother and guardian ad litem ("Ms. Magee") (collectively, "defendants"); and the California Office of Administrative Hearings ("OAH").  The instant action is an administrative appeal of a due process hearing before OAH, in which defendants alleged that the District failed to provide E.M. with a free appropriate public education ("FAPE") during the 2003-04, 2004-05, and 2005-6 school years, in violation of the Individuals with Disabilities Act (the "IDEA"), 20 U.S.C. §§ 1400 et seq.  In the due process hearing, defendants alleged that they were entitled to (1) compensatory education, (2) reimbursement for and prospective placement at a nonpublic school, and (3) reimbursement for the costs of obtaining an independent assessment.  The Administrative Law Judge's ("ALJ") decision found that the District did not violate its child find obligation during the 2003-04 and 2004-05 school years, and therefore did not deny E.M. a FAPE during the 2003-04 and 2004-05 school years, but that the District had denied E.M. a FAPE during the 2005-06 school year, and that, therefore, defendants were entitled to the three forms of relief sought.[1]  The District sought review of those issues of

---

[1]A school district breaches its child find duty if it had reason to, but did not, suspect a child as having a disability and needing special education services, and therefore did not assess the child for such services.  See Dep't of Educ. v. Cari Rae S.,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

the administrative decision on which defendants had prevailed. On May 29, 2007, defendants filed a counterclaim seeking review of those issues of the administrative decision on which the District prevailed.

On August 21, 2008, this Court upheld the administrative decision, finding that, as of October 27, 2005, E.M. qualified as a child with a disability by reason of a "serious emotional disturbance." As a result, the Court held that the District had denied E.M. a FAPE to which she was entitled during the 2005-06 school year, and that the ALJ had appropriately ordered the District to classify E.M. as eligible for special education and to reimburse defendants for the cost of attending a non-public school. However, the Court also upheld the ALJ's finding that the District did not violate its child find obligation during the 2003-04 and 2004-05 school years.

On September 25, 2008, defendants filed the instant motion for attorneys' fees, pursuant to 20 U.S.C. § 1415(i)(3)(B), seeking attorneys' fees and costs totaling $431,770.05.[2] See Reply, Ex. B. On October 27, 2008, the District filed an opposition. On October 28, 2008, the District filed a notice of errata and an amended opposition. A reply was filed on November 3, 2008. A hearing was held on November 10, 2008. After carefully considering the arguments set forth by the parties, the Court finds and concludes as follows.

**II.    DISCUSSION**

Under the IDEA, 20 U.S.C. § 1415(i)(3)(B), "the court, in its discretion, may award reasonable attorneys' fees as part of the costs to a prevailing party who is the parent of a child with a disability." Congress' intent was to provide parents with disabled

---

158 F. Supp. 2d 1190, 1194 (D. Hawaii 2001)

[2] In their Reply, defendants request $432,225.05, which includes hours spent in connection to the instant motion for attorneys' fees. However, at oral argument, defendants requested that the Court subtract $325 charged for 2.5 hours of work on September 26, 2008 and $130 charged for .4 hours of work on October 31, 2008, which were charged in error. Therefore, the Court has subtracted $455 from the requested attorneys' fee award.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

children a substantive right that could be enforced through the procedural mechanisms in the IDEA. Barlow-Gresham Union High Sch. Dist. No. 2 v. Mitchell, 940 F.2d 1280, 1286 (9th Cir. 1991).

Attorneys' fees awarded under the IDEA are governed by the "degree of success" standard, in which a partially prevailing party may not recover fees for unsuccessful claims, and the level of the party's success is relevant to the amount of fees to be determined. See Aguirre v. Los Angeles Unified School District, 461 F.3d 1114, 1121 (9th Cir. 2006) (applying analysis used in Hensley v. Eckerhart, 461 U.S. 424, 436 (1983)). Indeed, "the most critical factor is the degree of success obtained." Id. The hourly rate for fees charged "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of services furnished." 20 U.S.C. 1415(i)(3)(c).

The District contests many of the $431,770.05 of attorneys' fees and costs claimed by defendants on the grounds that (1) many of the hours charged were spent on matters not reasonably related to the litigation; (2) many of the hours charged were duplicative or excessive; (3) the calculated rates were unreasonable; and (4) defendants were unsuccessful on some of their claims. Therefore, the District argues, defendants are only entitled to recover $48,465.25.[3]

### A. Hours Reasonably Related to the Litigation

The District argues that many of the hours charged by defendants were spent on matters not reasonably related to the instant litigation. Opp'n at 4.

#### 1. Expulsion Proceedings

First, the District argues that hours spent on matters pertaining to expulsion proceedings that the District initiated against E.M. must be excluded, because the expulsion proceeding was entirely separate from the administrative due process hearing at issue in the instant action. Opp'n at 5. The District points out that neither the ALJ nor

---

[3] This estimate does not include time charged in connection with the instant motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

this Court made any holding regarding E.M.'s expulsion from school. Opp'n at 5. Therefore, the District argues, hours spent in connection with the expulsion proceedings must be excluded.

Defendants, however, argue that their claims regarding E.M.'s expulsion involve a core of facts related to E.M.'s eligibility for special education and were based on interconnected legal theories. Reply at 19. Defendants argue that because IDEA prohibits the expulsion of students with disabilities for behavior that is a manifestation of the disability, and because the District expelled E.M. several months after she became eligible under IDEA, defendants' efforts to prevent E.M's expulsion as a violation of the IDEA are compensable.[4] Reply at 20, citing Doe v. Maher, 793 F.2d 1470, 1486 (9th Cir. 1986).

Defendants further argue that the District's calculations of the time charged related to the expulsion hearing, contained in the District's Exhibit B to the Geoffrey Winterowd declaration, do not accurately segregate attorney time spent on the expulsion proceedings from time spent on other proceedings, because some of the charges that were wholly disregarded by the District as applying to the expulsion proceeding also related to due process issues. Reply at 20. Defendants appear to be correct that some of the charges identified by the District as being related to the expulsion proceeding also contain charges

---

[4] 20 U.S.C. § 1415(k)(5) provides that

> A child who has not been determined to be eligible for special education and related services under this part [20 USCS §§ 1411 et seq.] and who has engaged in behavior that violates a code of student conduct, may assert any of the protections provided for in this part [20 USCS §§ 1411 et seq.] if the local educational agency had knowledge. . . that the child was a child with a disability before the behavior that precipitated the disciplinary action occurred.. . . If a local educational agency does not have knowledge that a child is a child with a disability . . . prior to taking disciplinary measures against the child, the child may be subjected to disciplinary measures applied to children without disabilities who engaged in comparable behaviors . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

for hours related to the administrative due process hearing as well.[5]

The Court finds the District is correct that attorneys' fees incurred for work related to E.M.'s expulsion hearing are not directly related to the instant proceeding. The expulsion hearing was a distinct proceeding than the instant action, and neither the OAH nor this Court made any holding regarding E.M's expulsion from school. However, the Court is also mindful that there was likely overlap of core facts and legal theories, and that some of the fees identified by the District as being related to the expulsion proceeding may be partially related to the due process hearing as well. Therefore, the Court finds that defendants are entitled to half of the $24,453 in fees identified by the District as relating to the expulsion hearing. The Court therefore reduces defendants' fees by $12,226.50.

### 2. IEP Team Meetings

Second, the District argues that fees incurred on October 25, 2005 and October 27, 2005 related to an October 27, 2005 team meeting regarding E.M.'s Individualized Education Program ("IEP") were not convened as a result of the administrative proceeding or the Court proceeding, because defendants had not yet filed a request for an expedited due process hearing. Opp'n at 8, citing 20 U.S.C. § 1415(i)(3)(D)(ii) ("Attorneys' fees may not be awarded relating to any meeting of the IEP Team unless such meeting is convened as a result of an administrative proceeding or judicial action.")

Defendants do not dispute that the 4.9 hours spent on October 25, 2005 and October 27, 2005 related to the October 27, 2005 IEP meeting should not be included. Therefore, the Court reduces defendants' attorneys' fees by $686.

### 3. Work Related to Defendants' Separate Complaint for Damages

The District argues that defendants are not entitled to recover fees for work related to defendants' separate complaint for damages billed on June 27, 2007, July 17, 2008, July 27, 2007, August 1, 2007, and September 15, 2007. Defendants agree that the entries on June 27, 2007, July 27, 2007, and August 1, 2007 should be deducted. Defendants further agree that 1.3 of the 1.6 hours charged on July 17, 2007 should be deducted. However,

---

[5] For example, the charges for November 3, 2005 and December 1, 2005 appear to relate to both the expulsion hearing and the due process hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

they argue, and the Court agrees, that there does not appear to be any charge related to the complaint for damages on September 15, 2007. Therefore, the Court reduces the attorneys' fees award by $792, the total of the charges on June 27, 2007, July 27, 2007, August 1, 2007, and 1.3 hours of the charges on July 17, 2007.

> **4. Work Related to Defendants' Requests for Continuances and Extensions, Defendants' Motion for Preliminary Injunction, and Defendants' Renewed Request for an Expedited Due Process Hearing**

The District argues that defendants are not entitled to recover fees for hours spent requesting continuances and extensions of time, given that such requests did not result from any action taken by the District, and because the District agreed to these continuances and extensions.[6] Opp'n at 9. The District also argues that defendants are not entitled to recover fees incurred in filing their motion for preliminary injunction, wherein defendants requested that the Court order the District to comply with the OAH decision. Opp'n at 11. The District argues that they should not be charged for these fees, because (1) defendants were not successful on this motion and (2) defendants could have achieved the same goal through filing an opposition to the District's motion for a stay of the administrative order.[7] In addition, the District argues that defendants cannot collect fees incurred for the filing of a renewed request for an expedited due process hearing before the OAH. Opp'n at 14-15. This renewed request was filed after the OAH denied defendants' request for an expedited due process hearing on November 30, 2005. Opp'n at 14. The District argues that the renewed request was both meritless and unsuccessful. Opp'n at 14.

Defendants, however, argue that the District has presented no authority to support

---

[6] The District states however that it does not dispute claimed hours spent opposing the District's motion to continue the due process hearing. Opp'n at 9.

[7] On September 10, 2007, the Court denied both the District's motion for stay and defendants' motion for preliminary injunction. Because the two motions were heard on the same day, the District does not oppose fees charged by defendants for appearing at the consolidated hearing.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

its argument that defendants are not entitled to recover these fees. Reply at 17. Furthermore, with regard to the motion for preliminary injunction and the renewed request for an expedited due process hearing, defendants argue that although they were not ultimately successful on these motions, they are nevertheless entitled to the entire fee because their claims were related and arose from a common set of facts as those that were argued successfully in the instant action. Reply at 17.

The Court finds that because defendants ultimately prevailed on their claims as discussed in Part II.D infra, they are entitled to reasonable attorneys' fees, even for work on motions that were not ultimately successful. Therefore, the Court declines to deduct fees for hours related to defendants' request for continuances and extensions, defendants' motion for preliminary injunction, and defendants' renewed request for an expedited due process hearing.

### B. Duplicative and Excessive Time

The District additionally argues that many of the hours charged by defendants are either duplicative or excessive.

#### 1. Duplicative, Unnecessary, and Undocumented Time

The District argues that some of defendants' charged hours are duplicative, unnecessary, and undocumented. Opp'n at 12. Specifically, the District disputes (1) 2 hours charged for work on July 26, 2006 drafting a writ petition that was never filed; (2) 6.6 of the 8.6 hours charged for work on September 18, 2006 involving, among other things, analysis of documents for the September 27, 2006 hearing, because, the District argues, such analysis should have been completed before Defendants' Prehearing Conference Statement was drafted; (3) 5.6 hours of 6.6 hours charged for work on September 19, 2006 finalizing the notice of witnesses and exhibit lists when such lists should have already been finalized by that date; (4) hours charged related to Crook's attendance at E.M.'s due process hearing, because Tovmassian was the attorney presenting defendants' case and the record indicates that Crook played no active role; (5) 1.6 of the 2.6 hours charged for time spent updating Ms. Magee and reading a scheduling order, arguing that only one hour is reasonable; (6) hours charged for Tovmassian on September 9-10, 2007 to prepare for and attend the hearing on the stay and preliminary

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

injunction, because Crook's time for these activities is also billed and Crook was the attorney who presented defendants' case, thereby rendering Tovmassian's time duplicative; and (7) hours charged for both Crook and Tovmassian to attend the March 31, 2008 scheduling conference, when only one attorney was required to attend. Opp'n at 12-13. Defendants, however, argue that the District has failed to provide any evidence that these charges were duplicative, unnecessary, or undocumented. Reply at 19, citing McGrath v. County of Nev., 67 F.3d 248, 255 (9th Cir. 1995) ("the participation of more than one attorney does not necessarily constitute an unnecessary duplication of effort").

The Court agrees that the District has failed to provide sufficient evidence that any of the above charges are duplicative, unnecessary, or undocumented, and therefore declines to deduct them from the fee award.

> **2.** **Hours Spent Drafting Defendants' Closing Brief, Defendants' Motion for Summary Judgment, Defendants' Reply to the District's Opening Brief, and Defendants' Reply to the District's Objections to Defendants' Motion for Summary Judgment**

The District argues that the 152.3 hours charged for drafting defendants' closing brief for the administrative due process hearing are excessive, and that they should therefore be reduced to 100 hours. Opp'n at 6. The District also argues that the 107.8 hours charged for drafting defendants' motion for summary judgment are excessive, and that they should therefore be reduced to 60 hours. Opp'n at 6. The District further argues that the 97.6 hours charged for drafting defendants' reply to the District's opening brief and defendants' reply to the District's objection to defendants' motion for summary judgment are excessive, given that the reply to the opening brief was limited to 10 pages, and the reply to the District's objections would not have been necessary if defendants had conformed their motion for summary judgment to the Local Rules.[8] Opp'n at 7. Therefore, the District argues that the hours should be reduced to 50 hours. Opp'n at 8.

Defendants, however, argue that the District presents no evidence to substantiate its claim that the hours spent on these filings were unreasonable. Reply at 15-16.

---

[8] The District's objections stated that defendants' motion improperly referenced documents not part of the administrative record and was improperly long

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

The Court agrees that the District has failed to present any evidence that these fees are unreasonable. The Court therefore declines to deduct them from the fee award.

    **5.    Costs**

The District argues that defendants cannot recover costs for such charges as messenger services, telephone, postage, Westlaw, office expenses associated with the due process hearing and the appeal of the due process hearing decision, because IDEA does not provide for a separate award of costs.  Opp'n at 19.

The IDEA states that "the court, in its discretion, may award reasonable attorneys' fees as part of the costs . . ." 20 USC § 1415(i)(3)(B)(I). In <u>Arlington Cent. Sch. Dist. Bd. of Educ. v. Murphy</u>, 548 U.S. 291, the Court held that "the term 'costs' in 20 U.S.C. § 1415(i)(3)(B), like the same term in Fed. R. Civ. P. 54(d), is defined by the categories of expenses enumerated in 28 U.S.C. § 1920."  In other words, the Court held that under the IDEA, parties are entitled to recover costs for

> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>  (3) Fees and disbursements for printing and witnesses;
>  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>  (5) Docket fees under section 1923 of this title [28 USCS § 1923];
>  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title [28 USCS § 1828].

28 U.S.C. § 1920.

Furthermore, additional costs claimed by defendants' attorneys may be recovered as part of the attorneys' fee award.  Because out-of-pocket litigation expenses that would normally be charged to a fee-paying client are reimbursable as part of the attorneys' fee, distinct from costs.  See <u>Harris v. Marhoefer</u>, 24 F.3d 16, 19-20 (9th Cir. 1994); <u>Sexcius v. District of Columbia</u>, 839 F. Supp. 919, 927 (D.D.C. 1993) ("reasonable photocopying,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

postage, long distance telephone, messenger, and transportation and parking costs are customarily considered part of a reasonable attorney's fee"). Because the costs claimed by defendants appear to be those that would normally be billed by an attorney to clients, and the costs claimed are reasonable, the award of costs are appropriate.

### C. Reasonableness of Calculated Rates

Under 20 USC § 1415 (i)(3)(C), attorneys' fees awarded in an IDEA action "shall be based on rates prevailing in the community in which the action or proceeding arose for the kind and quality of service furnished." In Davis v. San Francisco, 976 F.2d 1536, 1544 (9th Cir. 1987), vacated in part on denial of hearing, 984 F.2d 245 (9th Cir. 1993), the Court noted that attorneys' fees should be calculated with "close attention paid to the fees charged by lawyers of reasonably comparable skill, experience, and reputation."

The hourly rate charged by defendants' attorney Valerie Vanaman ("Vanaman"), an attorney with Newman Aaronson Vanaman ("NAV") was $575. Vanaman Decl. ¶ 19. The hourly rate charged by defendants' attorney Henry Tovmassian ("Tovmassian"), an of counsel with NAV, was $495. Tovmassian Decl. ¶ 8. The hourly rate charged by defendants' attorney George Crook ("Crook"), an attorney with NAV, was $575 per hour. Crook Decl. ¶ 9. Vanaman, Tovmassian, and Crook each state that the rate they charged is less than the prevailing market hourly rate for an attorney with comparable skill and experience in Los Angeles. Defendants also submit the declaration of Carol Sobel, a civil rights practitioner in Los Angeles, who states that she is familiar with the work of defendants' attorneys, and that she believes that the rates charged are far below market rate for attorneys of comparable skill and experience. Sobel Decl. ¶ 4. She further states that the rate of $575 is $100 below her billing rate for 2008, despite the fact that Vanaman and Crook graduated from law school before she did. Sobel Decl. ¶ 4. Sobel also cites other cases in this district awarding attorneys' fees over $575 per hour in civil rights litigation. With their reply, defendants also file an additional declaration of Marcy J.K. Tiffany ("Tiffany"), an attorney who practices in the special education field and who is familiar with NAV, who states that the NAV rates are comparable with her firm's rates, which in May 2006 were $440 for due process proceedings and $525 for state and federal court litigation. Tiffany Decl. ¶ 8-10. Tiffany further states that the billing rates for paralegals at her firm are $115-$175. Tiffany Decl. ¶ 9.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

      The District, however, argues that the hourly rate charged by defendants' attorneys should be no greater than $350 per hour, arguing that this rate is in line with the prevailing market rate for similar services by lawyers of reasonably comparable skill. Opp'n at 14. The District argues that the declarations of Vanaman, Tovmassian, and Crook are insufficient to establish that the rates charged are reasonable, because "it is the fee applicant's burden to produce evidence, other than the declarations of interested counsel, that the requested rates are in line with those prevailing in the community for similar services of lawyers of reasonably comparable skill and reputation." Opp'n at 16; see Miller v. San Mateo-Foster City Unified School Dist., 318 F.Supp. 2d 851, 865 (N.D. Cal. 2004). The District further asserts that the Sobel declaration is insufficient to establish that defendants' attorneys' fees are reasonable. The District argues that the cases cited by Sobel in which comparable attorneys' fees were awarded are irrelevant because they did not involve similar legal issues, and that Sobel's knowledge regarding the setting of rates by attorneys with comparable skill and experience does not pertain specifically to attorneys representing parents and students under the IDEA. Opp'n at 18. The District cites two special education cases in which reasonable hourly rates for attorneys were set between $225 and $350 per hour. Opp'n at 19, citing J.C. v. Vacaville Unified School District, CIV. S-05-0092 KJM (E.D. Cal. 2007); Noyes v. Grossmont Union High School District, 331 F.Supp.2d 1233, 1249 (S.D. Cal. 2004). The District also submits three declarations from Margaret A. Chedester, Ricardo Soto, and Peter Sansome, each of whom state that their firms represent clients at due process hearings under IDEA in southern California (including Los Angeles, Riverside, Orange, San Diego, and San Bernadino) and that the rates they charge are under $300.

      The District further argues that defendants' request for reimbursement for clerical work done on September 18-20, 2006 and August 27, 2007 at a rate of $140 per hour is unreasonable. Opp'n at 19. The District argues that clerical work should be charged at no more than $90 per hour. Opp'n at 19.

      Defendants, however, argue that they have made a sufficient prima facie showing of the reasonableness of the rates charged. Reply at 9. Defendants argue that they have established the reasonableness of their rates through (1) the Tovmassian, Crook and Vanaman declarations, which set forth, among other things, their background and experience and their past rate determinations; (2) the Sobel and Tiffany declarations, which establishes NAV's reputation as a firm and establishes that the NAV rates are in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

line with those in the community; (3) evidence of other court-ordered attorneys' fee awards, including those involving Tovmassian, Crook, and Vanaman, which are relevant to determining market rates; and (4) the 2004 Helder Associates' Attorney Billing Rate Survey, which establishes that the hourly rates sought by NAV are below the prevailing rate. Reply at 11.

Furthermore, defendants argue, the District has not rebutted defendants' showing of reasonableness. Reply at 12. Defendants argue that the evidence submitted by the District – the Chedester, Soto, and Sansome declarations – are irrelevant, because Chedester, Soto, and Sansome are each school district attorneys, and attorneys hired by districts are not in the same legal market as private plaintiffs' attorneys. Reply at 12.

The Court finds that defendants have sufficiently established that the rates charged by Tovmassian, Crook, and Vanaman are reasonable. The Tiffany and Sobel declarations submitted by defendants demonstrate that the rates charged by defendants' attorneys are comparable to the fees charged by lawyers of reasonably comparable skill, experience, and reputation engaged in special education and other civil rights litigation. The Tiffany declaration further establishes that the rates charged for clerical work are reasonable as well. Therefore, the Court declines to reduce the rate charged to $350 per hour.[9]

### D.    Unsuccessful Claims

The District argues that the calculated fees should be adjusted downwards, because defendants were only successful on some of their claims. Opp'n at 20; See J.C. v. Vacaville Unified School District, 2007 WL 112138 (E.D. Cal.) (the most relevant factor

---

[9] At oral argument, the District argued that fee rates for administrative proceedings should be lower than the rate for proceedings in court. In a supplemental pleading filed on November 11, 2008, defendants cite S.W. ex. rel. N.W. v. Board of Educ. of City of New York (Dist. Two), 257 F.Supp. 2d 600, 605 (S.D.N.Y. 2003), in which the court held that there was "no support in the law" for the proposition that fee awards for IDEA administrative proceedings should be lower than fee awards for "full blown trials or litigation in court." The court held that such a distinction would be "contrary to public policy," in that it would discourage attorneys from providing representation in IDEA administrative proceedings, an area where there is already "a dearth of lawyers." See id. Given this holding, the Court declines to reduce the fees for administrative proceedings.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

in the case was the degree of success achieved, allowing the attorney to be awarded 40% of attorneys' fees because the attorney prevailed on 40% of the claims). Specifically, the District argues that, in defendants' request for an expedited due process hearing, defendants claimed (1) a denial of FAPE for the 2003-2004 school year; (2) a denial of FAPE for the 2004-2005 school year; (3) that the District could not expel E.M.; and (4) a denial of FAPE for the 2005-2006 school year. Opp'n at 20. The District argues that, because defendants lost on the first two issues, and because defendants never obtained a holding from the OAH or the District that E.M. could not be expelled, their claimed attorneys' fees should be reduced by 75%.

In Webb v. Sloan, 330 F.3d 1158, 1169 (9th Cir. 2003), the court held that, where the prevailing party has not won every claim brought, the court must determine the appropriate reduction in attorneys' fees to compensate for the limited success. The first step is to consider whether "the [defendants] failed to prevail on claims that were unrelated to the claims on which [they] succeeded." Id., citing Hensley, 461 U.S. at 434. "Claims are unrelated if they are entirely distinct and separate from the claims on which the [defendants] prevailed." Id. If the hours are unrelated and unsuccessful, they should not be included in the award of fees. Id. The second step is to consider whether "the [defendants] achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award." Id. "Where a [defendant] has obtained excellent results, his attorney should recover a fully compensatory fee." Id.

Defendants argue that they obtained "excellent results," in that they succeeded in securing all of the relief they sought: namely: (1) compensatory education, (2) reimbursement for and prospective placement at a nonpublic school, and (3) reimbursement for the costs of obtaining an independent assessment. Reply at 2, 8. Although defendants concede they had also contended that the District denied E.M. a FAPE during the 2003-04 and 2004-05 school years, defendants argue that they did not seek any relief from these claims beyond the relief they eventually obtained from OAH, and they presented these arguments only to comply with their obligation to exhaust administrative remedies before filing a complaint for damages. Reply at 2, n.1. Furthermore, defendants argue, evidence presented regarding E.M. during the 2003-04 and 2004-05 school years contributed to defendants' successful showing that E.M. was eligible for special education as of 2005. Reply at 8-9. Therefore, they argue, it would be impossible to separate the attorney hours charged on a claim-by-claim basis. Reply at 8.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

○

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

In addition, defendants note that the Supreme Court has rejected "a mathematical approach comparing the total number of issues in the case with those actually prevailed upon." Hensley, 461 U.S. at 435, n.11.

The Court finds that, regardless of the fact that defendants did not succeed on their claims that the District denied E.M. a FAPE in 2003-04 and 2004-05, defendants are entitled to recover all of the fees claimed, except as otherwise noted herein. Defendants' unsuccessful claims were not "entirely distinct and separate" from their successful claims, but instead arise from a "common core of facts," as evidence of E.M.'s situation during 2003-04 and 2004-05 were relevant in defendants' successful showing that E.M. was eligible for special education in 2005. See Webb, 330 F.3d at 1169; See OAH Decision (January 5, 2007) ¶ 63 ("By the time of the District's psychoeducational assessment, however, Student's history from kindergarten onward demonstrated a pattern of unpredictable and aggressive temper tantrums across numerous environments. . . and there was no reason to anticipate that they would simply stop"). Furthermore, defendants "obtained excellent results" in the instant action, because they obtained all of the relief they sought, regardless of the fact that they were not successful on some of their claims. See id. Therefore their attorneys "should recover a fully compensatory fee." See id.

## IV. CONCLUSION

In accordance with the foregoing, the Court GRANTS defendants' motion for attorneys' fees against the District. The Court reduces the attorneys' fees by $12,226.50 (half of the fees identified by the District as related to the expulsion hearing), $686 (fees related to the IEP team meeting), and $792 (fees related to defendants' separate complaint for damages). Therefore the Court awards $418,065.55 in attorneys' fees to defendants.

IT IS SO ORDERED.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-2164 CAS (RZx) | Date | November 10, 2008 |
|---|---|---|---|
| Title | TORRANCE UNIFIED SCHOOL DISTRICT v. ERIN MAGEE, ET AL. | | |

|  |  | 00 | : | 10 |
|---|---|---|---|---|
|  | Initials of Preparer |  | MDM |  |